# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ROWAN COUNTY EX REL. HARRY WELCH, REGISTER OF DEEDS, ON ITS OWN BEHALF AND ON BEHALF OF ALL COUNTIES SIMILARLY SITUATED,<br><br>PLAINTIFF,<br><br>V.<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION; FEDERAL HOME LOAN MORTGAGE CORPORATION;  AND FEDERAL HOUSING FINANCE AGENCY AS CONSERVATOR FOR FEDERAL NATIONAL MORTGAGE ASSOCIATION AND FEDERAL HOME LOAN MORTGAGE CORPORATION,<br><br>DEFENDANTS. | CASE NO. 1:12-cv-859 |

## COMPLAINT -- CLASS ACTION

Plaintiff, on behalf of itself and all other counties similarly situated, pursuant to Fed. R. Civ. P. 23 and LR 23.1, complain of Defendants as follows:

### Jurisdiction and Venue

1.      Plaintiff is a North Carolina municipal corporation.

2.      Defendant Federal National Mortgage Association ("Fannie Mae") is a federally chartered corporation.  It is headquartered and has its principal place of business in Washington, D.C.

3.      Defendant Federal Home Loan Mortgage Corporation ("Freddie Mac") is a federally chartered corporation.  It is headquartered and has its principal place of business in Tyson's Corner, Virginia.

1

4.	Defendant Federal Housing Finance Agency ("FHFA") is acting as conservator for Fannie Mae and Freddie Mac.  It is a federal agency with its headquarters and principal place of business in Washington, D.C.

5.	Because the parties are citizens of different states and the amount in controversy exceeds $75,000, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

6.	Because this case requires interpretation of federal law – specifically, the Defendants' chartering statutes – this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

7.	Venue is proper in this district because a substantial part of the events giving rise to this claim occurred in this district, Plaintiff is located in this judicial district, the Defendants do business in this district and/or because a substantial part of this claim arises from Defendants' business activities in this district.

**Facts**

8.	North Carolina General Statute § 105-228.28 *et seq*. describes an Excise Tax on conveyances of real property in North Carolina.  The Excise Tax is $1.00 per $500.00 or part thereof of the value of the real property transferred.  The Excise Tax is paid by the transferor to the register of deeds of the county in which the real property is located.

9.	Defendants Fannie Mae and Freddie Mac have been transferors in many thousands of real estate transactions in the Plaintiff County and throughout North Carolina which they have recorded with registers of deeds throughout North Carolina and on which they have not paid the Excise Tax.

2

10.     Defendants Fannie Mae and Freddie Mac have marked these deeds with language such as "Revenue: $0" or "Revenue: Exempt." Some examples of these deeds are attached as Exhibit A.

11.     Fannie Mae and Freddie Mac are not exempt from the North Carolina transfer tax. Although N.C.G.S. § 105-228.28 exempts "a governmental unit or an instrumentality of a governmental unit" from the Excise Tax, Fannie Mae and Freddie Mac are neither. They are both private, investor-owned corporations, and have been found to not be government instrumentalities for purposes of similar tax-related issues.

12.     The taxation exemptions written into Fannie Mae's and Freddie Mac's federal charters do not exempt them from paying North Carolina's Excise Tax on Conveyances. *See* 12 U.S.C. § 1723a(c)(2) (codifying Fannie Mae charter); 12 U.S.C. § 1452(e) (codifying Freddie Mac charter). The exemptions apply only to taxes laid directly on Fannie Mae or Freddie Mac, and not to excise taxes, which are taxes on actions or the exercise of privileges and which are considered indirect taxes. Nor does the language found in 12 U.S.C. § 4617(j)(2) (pertaining to Defendant FHFA) insulate Defendants from their tax liability, for the same reasons.

**Class Action Allegations**

13.     All preceding allegations are incorporated fully herein.

14.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Plaintiff brings this class action on behalf of a class consisting of all North Carolina counties to recover Defendants' unpaid taxes.

15.     All of the applicable requirements for class certification are met by the above-described class.

3

16.    Commonality: The claims of the class members are virtually identical, and share common questions of law and fact which predominate over individual issues.  Common questions of law and fact that must be decided for each class member include, but are not limited to:

   a.  Whether Defendants are liable for the North Carolina Excise Tax under N.C.G.S. § 105-228.28.

   b.  Whether Defendants are exempt from the Excise Tax as government instrumentalities.

   c.  Whether Defendants are exempted from the Excise Tax by virtue of their federal chartering statutes.

   d.  Whether Defendants were required to pay the North Carolina Excise Tax on Conveyances.

   e.  Whether Defendants failed to pay the North Carolina Excise Tax on Conveyances.

   f.  Whether Plaintiff and class members are entitled to declaratory relief in the form of an Order requiring that Defendants pay the relevant taxes going forward.

   g.  Whether Plaintiff and class members are entitled to damages in the form of an Order requiring the Defendants to pay the relevant taxes which have not been paid to date.

   h.  What other damages the Plaintiff and class members may receive.

17.    Typicality: The Plaintiff's claims are nearly identical to those of the class members. All North Carolina registers of deeds have recorded deeds from Fannie Mae and Freddie Mac which reflect that Fannie Mae and Freddie Mac are exempt from the North Carolina Excise Tax on Conveyances and on which Fannie Mae and Freddie Mac have not paid the tax.  The various North Carolina counties use substantially similar methods for processing and recording relevant deeds, and upon information and belief Defendants have to date refused to pay the relevant taxes in all such counties.

18.    Superiority: A class action is superior to other available methods for the fair and efficient resolution of this matter in light of the common issues of fact and law.  The filing of

4

separate individual actions would unnecessarily burden the court system and could lead to inconsistent determinations and would otherwise be inferior to proceeding as a class.

19.     Numerosity: The members of the proposed class are so numerous that joinder of all members would be impracticable.  North Carolina has 100 counties.  Attempting to maintain all counties as plaintiffs in a single action would require excessive duplication of communication and filings and otherwise unduly burden the proceedings in this case.  Classes have been certified in cases involving far fewer putative class members.

20.     Adequacy:  The proposed Plaintiff class representative will fairly and adequately represent the class and the undersigned counsel are competent and adequate to be designated as class counsel herein.

21.     Adjudicating this case as a class action will permit the Plaintiff and class members to prosecute their common claims in a single forum efficiently, conserving the parties' resources and avoiding the unnecessary duplication of effort and expense that would result from individual actions.  Class treatment will also save the court's valuable resources, as one class claim can be adjudicated far more efficiently than numerous individual actions.

22.     This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by individual members of the class could result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for the parties.

23.     This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(2) because Defendants have acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

24.     This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the class predominate over any questions affecting only

individual class members and because a class action is superior to other available methods for the adjudication of this controversy. Defendants' common and uniform policies and practices are at issue herein and Plaintiff and class members similarly.

## First Claim for Relief
### Non-Payment of North Carolina Excise Tax on Conveyances

25. All preceding allegations are incorporated fully herein.

26. Defendants Fannie Mae and Freddie Mac have failed to pay North Carolina's Excise Tax on Conveyances.

27. Defendants Fannie Mae and Freddie Mac are obligated to pay North Carolina's Excise Tax on Conveyances, under North Carolina General Statute § 105-228.28 and other applicable law, nor are Defendants insulated from statutory liability by their corporate status or by language that is found in their federal charters.

28. No statute of limitations applies to collection of the Excise Tax on Conveyances.

29. To the extent that FHFA is responsible for the acts of Fannie Mae and Freddie Mac complained of herein, Plaintiff seeks judgment against Defendant FHFA for the same reasons as alleged against the other Defendants.

30. As a direct and proximate result of Defendants' failure to pay their tax liabilities, Plaintiff and class members have been damaged in that they have not received the revenues to which they are entitled.

## Second Claim for Relief
### Declaratory Relief

31. All preceding allegations are incorporated fully herein.

32. This claim is brought under the Court's power to issue declaratory relief including without limitation 28 U.S.C. § 2201.

33. An actual controversy exists between the parties, as follows: Plaintiff and class members contend that they are entitled to assess and collect the above-described taxes on and from Defendants with regard to pertinent real estate transactions.

34. Upon information and belief, Defendants contend that they are not liable for the above-described taxes and should not have to pay them.

35. Plaintiff is entitled to declaratory relief in the form of an Order that Plaintiff and the class members are entitled to collect and receive the above-described Excise Tax on Conveyances from Defendants, as well as obtaining such other and further relief as the Court may deem equitable and just.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of itself and on behalf of the class herein, prays for the following relief and that the Court:

1. Declare that Defendants must pay the Excise Tax on Conveyances;

2. Certify a class action in this matter and designate the named Plaintiff as the Class Representatives and the undersigned attorneys as Class Counsel;

3. Award Plaintiff damages for unpaid taxes in an amount to be determined by the trier of fact;

4. Award Plaintiff such penalties, fines, fees and interest as may be allowed by law with regard to the Defendants' failure to pay the aforementioned taxes;

5. Award Plaintiff their costs, prejudgment interest, and attorneys' fees as may be allowed by law; and

7

6.      Grant such other and further relief as this Court may deem proper.

This the 10th day of August, 2012.

WALLACE & GRAHAM, P.A.


s/Mona Lisa Wallace
Mona L. Wallace, N.C. Bar No. 9021
John S. Hughes, N.C. Bar No. 22126
Aaron F. Goss, N.C. Bar No. 40251
Attorney for Plaintiffs
525 N. Main St.
Salisbury, NC 28144
(704) 633-5244
mwallace@wallacegraham.com
jhughes@wallacegraham.com
agoss@wallacegraham.com

8